**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOSPITAL AND NURSING HOME EMPLOYEES UNION LOCAL 113, AFL–CIO, Respondent.**

No. 77–1486.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 19, 1977.

Decided Dec. 28, 1977.

Elliott Moore, Deputy Associate Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, and Carl L. Taylor, Associate Gen. Counsel, N. L. R. B., Washington, D.C., on brief, for petitioner.

Erwin A. Peterson, Peterson, Bell & Converse, St. Paul, Minn., on brief, for respondent.

Before BRIGHT, STEPHENSON, and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

The National Labor Relations Board found that the Hospital and Nursing Home Employees Union Local 113, AFL-CIO, had engaged in an unfair labor practice when it caused Mounds Park Hospital to discharge Dianne Martin, a non-union employee, because of her failure promptly to pay certain "service fees" to the Union. The Board ordered the Hospital to reinstate Martin with backpay and to cease the unfair labor practice. The Board now seeks enforcement of its order.

The employees of Mounds Park Hospital are subject to a collective bargaining agreement with an agency shop provision. In accordance with that provision, a new employee of the hospital is given a choice between joining the Union and paying union dues or not joining and paying "service fees" to the Union. If an employee becomes delinquent in the payment of either union dues or service fees, the collective bargaining agreement allows the Union, upon three days' notice to the employee and the employer, to require the employer to discharge the delinquent employee. The

amount of money paid by union members and nonmembers is the same, but a nonmember is considered delinquent if the service fee is not paid within ten days, whereas a member, under the Union's constitution, is not considered delinquent until the payment is ninety days late.

Employee Dianne Martin decided not to become a union member. Accordingly, she became responsible for the payment of service fees on or before the tenth of each month. She was delinquent in her payments to the Union on several occasions and did not timely pay the July 1976 assessment. In a letter dated July 13, 1976, the Union informed Martin that the service fees must be received "by the 10th of each month, at the latest" and that if the Union did not receive her July payment within three days it would "have no choice but to ask for [her] immediate dismissal from Mounds Park Hospital." Martin thereupon sent the Union a check dated July 16, covering her service fees for July and August. In a letter to the hospital dated July 19, the Union demanded Martin's immediate dismissal. On July 20, the Union returned Martin's check with a letter saying that it had already requested her dismissal, and "therefore, we cannot accept your payment at this time." The Hospital, by a letter dated July 23, 1976, notified Martin that her failure to pay the service fee was a breach of the collective bargaining agreement and that "[d]ue to circumstances beyond our control, we are forced to terminate you, effective July 22, 1976."

A union member in similar circumstances would not have been dismissed until union dues had been delinquent for at least three months.

The administrative law judge found that the Union, by providing a longer grace period for members than for nonmembers had committed an unfair labor practice in violation of sections 8(b)(1)(A) and 8(b)(2) of the National Labor Relations Act, 29 U.S.C. §§ 158(b)(1)(A), 158(b)(2) (1970). The Board affirmed the administrative law judge's findings and adopted the recommended order.

Section 8(b)(1)(A) [1] prohibits unions from restraining or coercing employees in the exercise of their section 7 rights.

Section 8(b)(2) makes it an unfair labor practice.

> to cause or attempt to cause an employer to discriminate against an employee in violation of subsection (a)(3) of this section or to discriminate against an employee with respect to whom membership in such organization has been denied or terminated on some ground other than his failure to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership * * *. [29 U.S.C. § 158(b)(2)(1970).]

Section 8(a)(3) in turn forbids the employer

> by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization * * *. [29 U.S.C. § 158(a)(3)(1970).]

The Union argues that the ninety-day grace period is a collateral benefit available to union members. It emphasizes that members assume many obligations and enjoy many rights that do not apply to nonmembers. The grace period is one such benefit, which Ms. Martin voluntarily chose to forego when she decided not to join the Union.

We are unpersuaded by this argument. Section 8(b)(2) relates to the union's influence upon the employer's actions. Regardless whether the Union may treat its members more favorably than nonmembers, it may not cause the employer to do so. The

---

1. That provision reads:

(b) It shall be an unfair labor practice for a labor organization or its agents—

(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title: *Provided,* That this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein * * *. [29 U.S.C. § 158(b)(1)(A) (1970).]

policies and practices of the Union at issue in this case require the employer to treat nonmembers more harshly than members. By its letter of July 19, 1976, demanding Martin's dismissal, the Union caused the Hospital to discriminate against an employee in a manner that would encourage union membership. This conduct by the Union constitutes an unfair labor practice under section 8(b)(2).

We affirm and grant enforcement of the Board's order on the basis of this section 8(b)(2) violation.[2]

---

2.   Because of our decision, we find it unnecessary to discuss the section 8(b)(1)(A) violation.